UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYNN M. WHITLOCK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16-CV-06347 |
| WILLIAMS LEA INC. | ) ) Judge Manish S. Shah |
| Defendant. | ) Magistrate Judge Michael T. Mason ) ) ) |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1(b)(3)**

Defendant, Williams Lea Inc. ("Defendant"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure and Local Rule 56.1, moves to strike Plaintiff's Response to Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1(b)(3). *See* Dkt. 56. In support of this Motion, and in full cognizance of the Court's Standing Order, Defendant states as follows:

**Statement of Facts**

On August 13, 2018, Defendant filed its Motion for Summary Judgment (Dkt. 50), Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1(a)(3) (Dkt. 51) ("Defendant's 56.1 Statement"), and its Memorandum of Law in Support of its Motion for Summary Judgment (Dkt. 52).

On September 11, 2018, Plaintiff Lynn Whitlock ("Plaintiff") filed her Response to Defendant's Motion for Summary Judgment. Dkt. 55. On September 12, 2018, Plaintiff filed her Response to Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1(b)(3) (Dkt . 56) ("Plaintiff's Response to 56.1 Statement") and Table of Exhibits in Response

1

to Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1(b)(3) (Dkt. 57). Plaintiff did *not* file a separate statement of additional facts pursuant to Local Rule 56.1(b)(3)(C).

In Plaintiff's Response to 56.1 Statement, Plaintiff submitted additional unnumbered alleged facts in the following paragraphs from Defendant's 56.1 Statement: 1, 2, 4, 5, 7, 11, 12, 13 (seven facts over more than two pages), 14, 16, 18 (seven facts over more than two pages), 19, 20, 21, 22, 25, 26 (three facts over approximately one page), 31, 32, 33 (five facts over approximately one page), 34, 35 (six facts over approximately two pages), 36, 37 (ten facts over more than three pages), 38, 39 (three facts), 40 (three facts), 44, 46 (two facts), 47, 48, 49, 50, 51, 52, 53, 54, 55, 57, 58, 59 (three facts over approximately one page), 60, 61, 62, and 63. In sum, Plaintiff included 86 additional unnumbered facts in her Response to 56.1 Statement without filing a separate statement of additional facts. Dkt. 56.

In Plaintiff's Response to 56.1 Statement, Plaintiff included argumentative material in the following paragraphs from Defendant's Rule 56.1 Statement: 1, 2, 13, 14, 15, 16, 18, 19, 20, 21, 22, 26, 33, 35, 40, 42, 48, 55, 56, 57, 58, 59, 60, and 61. Dkt. 56.

Counsel for Defendant contacted counsel for Plaintiff on September 13, 2018 via telephone to determine if Plaintiff objects to the present Motion. Plaintiff objects to the present Motion.

### **Legal Standard**

The Seventh Circuit and this Court require strict adherence to Local Rule 56.1(b). *Raymond v. Ameritech Corp.,* 442 F.3d 600, 604 (7th Cir. 2006). Under Local Rule 56.1(b), to defeat summary judgment, Plaintiff must counter Defendant's factual allegations with admissible evidence demonstrating factual disputes concerning determinative facts. *Roger Whitmore's Auto Servs. v. Lake Cnty.,* 424 F.3d 659, 664 n.2 (7th Cir. 2005); *Everett v. Cook Cnty.,* 704 F. Supp.

2d 794, 796 n.1 (N.D. Ill. 2010). "Rule 56.1 Statements should contain only factual allegations and avoid legal arguments or conclusory statements." *In re Jimmy John's Overtime Litigation*, 2018 WL 3231273, *1 (N.D. Ill. 2018).

Local Rule 56.1(b)(3)(B) provides that "[e]ach party opposing a motion filed pursuant to Fed. R. Civ. P. 56 shall serve and file a concise response to the movant's statement that shall contain a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon."

Local Rule 56.1(b)(3)(C) provides that "[e]ach party opposing a motion filed pursuant to Fed. R. Civ. P. 56 shall serve and file a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. Absent prior leave of Court, a respondent to a summary judgment motion shall not file more than 40 separately-numbered statements of additional facts. All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by a statement by the statement of the opposing party."

## **Argument**

Plaintiff's Response to 56.1 Statement and the absence of any additional statement of facts do not comply with the language or intent of Local Rule 56.1. "This Court can and does require strict compliance with LR 56.1." *Pasternak v. Village of Dolton*, 2015 WL 4637927, *1 (N.D. Ill. 2015). "The purpose of the Rule 56.1 to require the parties to identify the disputed issues in a concise format – would be defeated if the court were required to wade through improper denials and legal argument in search of a genuinely disputed fact." *Keen v. Merck Sharp & Dohme Corp*.,

3

2018 WL 1156203, *2 (N.D. Ill. 2018) (deeming non-compliant paragraphs admitted) (internal citations omitted). "Substantial compliance is not strict compliance." *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817 (7th Cir. 2004).

In violation of Local Rule 56.1, Plaintiff submitted **86 additional unnumbered** alleged facts in her Response to 56.1 Statement and (1) did not file a separate statement of additional facts or (2) seek leave to file more than 40 additional facts. Dkt. 56. The additional alleged facts permeate Plaintiff's Response to 56.1 Statement, affecting 45 of 63 paragraphs from Defendant's 56.1 Statement and rendering Plaintiff's filing defective. *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643-644 (7th Cir. 2008) (affirming district court's refusal to consider additional facts set forth in the non-movant's Local Rule 56.1(b)(3)(B) response); *see also LaBoy v. Clements*, 2017 WL 2936705, *2 (N.D. Ill. 2017) ("Under settled law, facts asserted in a summary judgment response but not presented in a Local Rule 56.1 statement are disregarded in resolving a summary judgment motion."). The addition of other facts "should have been included in a separate statement." *Ammons*, 368 F.3d at 817. Despite having additional time to file her Response to Defendant's Motion for Summary Judgment and Response to 56.1 Statement above and beyond the Court's orders and Plaintiff's own motions, Plaintiff chose not to do so. Dkt. 49, 53, 54, 56. Thus, Plaintiff's Response to 56.1 Statement should be stricken in its entirety.

Plaintiff further included impermissible argument throughout her Response to 56.1 Statement in 23 paragraphs. Dkt. 56. "Rule 56.1 Statements should contain only factual allegations and avoid legal arguments or conclusory statements. Similarly, responses to 56.1 Statements are not the place for purely argumentative denials." *In re Jimmy John's Overtime Litigation*, 2018 at *1. As mere examples, Defendant notes the following:

- In paragraph 1, Plaintiff "moved" for an exhibit to be stricken. Dkt. 56;

- In paragraphs 13 (using more than two pages to argue as to the purported inconsistencies and speculation present in the deposition testimony of Defendant's witnesses in this matter, among other things), 14 (without citation to any part of the record, arguing that "[t]o the extent that Defendant is utilizing responsibility, effort, and skill as legal terms, it is disputed, as a matter of law, that the work and performance *requirements* for the position of [Senior Account Manager] are defined by the personal attributes of an individual holding such position," among other things), 15, 16, 18, 19, 20, 21, 22, 26 (asserting arguments as to Plaintiff's performance reviews, among other things), 33 (asserting arguments as to what constitutes violations of Defendant's policies and/or the Fair Labor Standards Act, among other things), 35 (arguing as to whether Plaintiff engaged in a "protected activity," despite not asserting a retaliation claim in her Complaint, among other things), 40 (incorporating her response to paragraph 14), 42, 48 (arguing as to Plaintiff's qualifications for an alleged promotion), 55, 59, 60, and 61, Plaintiff presented numerous arguments as to the alleged merits of her Complaint; and

- In paragraphs 1, 2, 13, 14, 18, 19, 20, 21, 22, 25, 33 (arguing as to the production of Fair Labor Standards Act records), 35, 37, 38, 39, 40 (arguing as to speculation concerning the accuracy of documents), 42 (incorporating her response to paragraph 40), 44, 48, 56 (incorporating her response to paragraph 40, among others), 57 (arguing as to the testimonial record vs. documentary record concerning compensation), 58, and 61, Plaintiff made arguments as to alleged discovery and evidentiary matters. Dkt. 56.

5

Contrary to the requirements of Local Rule 56.1, Plaintiff did not abstain from including legal arguments in what is intended to be a factual document. Dkt. 56; LR 56.1(b)(3)(B), (C). Plaintiff's non-compliance with Local Rule 56.1 warrants striking her Response to 56.1 Statement in its entirety and deeming the facts stated in Defendant's 56.1 Statement admitted. *Ciomber*, F.3d at 643-644 (deeming facts admitted against a *pro se* plaintiff who provided additional facts in his Local Rule 56.1(b)(3)(B) response); *Thornton v. Lake*, 2018 WL 2432189,*1 (N.D. Ill. 2018) (holding that extraneous or argumentative responses to a Local Rule 56.1(a)(3) do "not constitute a proper denial of the fact, and the fact will be admitted").

**WHEREFORE**, Defendant respectfully requests that this Court grant its Motion to Strike Plaintiff's Response to Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1(b)(3), extend the time for Defendant to file its Reply in Support of its Summary Judgment during the pendency of this Motion, and to grant other relief it deems fair and just.

Date: September 13, 2018  Respectfully submitted,

 */s/ Craig R. Annunziata*
 One of the Attorneys for Defendant

Craig R. Annunziata
Franklin Z. Wolf
**FISHER PHILLIPS LLP**
10 S. Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 580-7818
Facsimile: (312) 346-3179
cannunziata@fisherphillips.com
fwolf@fisherphillips.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      The undersigned attorney of FISHER & PHILLIPS LLP caused to be served a true and correct copy of the foregoing **Defendant's Motion to Strike Plaintiff's Response to Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1(b)(3)** to the following parties via the CM/ECF electronic filing system:

Paige C. Donaldson
209 N. Clark Street
Crown Point, Indiana 46307
paige.c.donaldson@icloud.com

on September 13, 2018.

                            Respectfully submitted,

                            */s/ Craig R. Annunziata*
                            One of the Attorneys for Defendant

Craig R. Annunziata
Franklin Z. Wolf
**FISHER PHILLIPS LLP**
10 S. Wacker Drive, Suite 3450
Chicago, IL 60606
Telephone: (312) 580-7818
Facsimile: (312) 346-3179
cannunziata@fisherphillips.com
fwolf@fisherphillips.com

*Attorneys for Defendant*

FPDOCS 34486823.1